UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY KAY HACKBART,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-14-00072-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 15, 18. Attorney Randy J. Fair represents Plaintiff, and Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On February 28, 2011, Plaintiff filed both a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Tr. 18; 119-20. In both applications, Plaintiff alleged disability beginning August 1, 2009. Tr. 18; 121;133. Plaintiff reported

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

that she was unable to work due to depression, Hepatitis C, fibromyalgia, rheumatoid arthritis, and suicide ideation. Tr. 286. The claims were denied initially and on reconsideration, and Plaintiff requested an administrative hearing. Tr. 18;119-208; 210-20. On October 25, 2012, Administrative Law Judge Caroline Siderius presided over a hearing and heard testimony from medical expert Kent Layton, Ph.D., vocational expert Diane Kramer, and Plaintiff, who was represented by counsel. Tr. 43-93. On November 30, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. 18-36. The Appeals Council declined review. Tr. 1-5. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and, thus, they are only briefly summarized here. At the time of the hearing, Plaintiff was 44 years old and living with her mother. Tr. 80-81.

Plaintiff testified that every day she has pain in her shoulders, back and "all over." Tr. 76. Plaintiff explained that she has muscle spasms that shoot up her shoulders, back, and buttocks. Tr. 76. Plaintiff said her depression started when her father died about four years ago, and it has worsened over the years. Tr. 77.

Plaintiff said she shops late at night when her body is not hurting. Tr. 78. She testified that her mother does her housecleaning and prepares her meals. Tr. 78. Plaintiff said she spends most of her time sleeping, and she leaves the house about twice per week. Tr. 79-80.

At the hearing, Plaintiff testified that she has abstained from alcohol and methamphetamine since she completed an inpatient program in 2005. Tr. 70. She said she has a prescription for medical marijuana, and she grows plants for her personal consumption. Tr. 70-71. Plaintiff explained that she used the marijuana to ease pain caused by her fibromyalgia. Tr. 71. Plaintiff said that she attends regular meetings, similar to Alcoholics Anonymous, at her church. Tr. 73-74.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment

prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy that the claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, claimant is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2009, the alleged onset date. Tr. 20. At step two, the ALJ found Plaintiff suffered from the severe impairments of hepatitis C, fibromyalgia, degenerative disc disease at C4-5 and C6-7 with spondylosis, anxiety, depression and somatoform disorder. Tr. 20. At step three, the ALJ found Plaintiff's impairments, alone or in combination, do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). Tr. 21. The ALJ found Plaintiff has the residual functional capacity to perform light work. Tr. 22-23. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 34. At step five, the ALJ found that considering Plaintiff's age, education, work experience and residual functional capacity, jobs exist in significant numbers that Plaintiff can perform, such as Cleaner I and mail clerk. Tr. 35. As a result, the ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 36.

## ISSUES

Plaintiff contends that the ALJ erred in weighing six medical opinions, and by failing to meet the ALJ's burden at Step Five.

A. **Anjna Grover, M.D.**

Plaintiff contends that the ALJ erred by rejecting the opinion of Dr. Grover for three reasons: (1) the doctor's opinion was vague; (2) the opinion relied upon subjective complaints; and (3) the opinion was not supported by objective evidence. ECF No. 15 at 12-13.

Anjna Grover, M.D. completed a Physical Evaluation form dated December 25, 2009. Tr. 811-14. In that form, Dr. Grover listed Plaintiff's primary impairment as fibromyalgia, and noted Plaintiff was limited by paresthesia. Tr. 812. In addition to fibromyalgia and parathesia, Dr. Grover's diagnoses on the form included back pain, hepatitis C and depression. Tr. 813. Dr. Grover found that Plaintiff's diagnoses caused several marked and moderate limitations in a variety of basic work related activities. Tr. 813. Dr. Grover opined Plaintiff was limited to light or sedentary work. Tr. 813. Dr. Grover provided few notations or explanations on the form to support her opinion. Tr. 811-14.

The ALJ found that Dr. Grover failed to provide objective evidence to support her conclusion that Plaintiff was limited to light or sedentary work. Tr. 29. The ALJ specifically noted Plaintiff's complaint of paresthesia in her upper extremities was undermined by nerve conduction studies that did not confirm paresthesia. Tr. 29. The ALJ found that Dr. Grover's statements about Plaintiff's pain were vague and appeared based upon subjective complaints. Tr. 29.

An ALJ may discredit physician opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson*, 359 F.3d at 1195. Also an ALJ may give little weight to a physician's opinion that is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff argues that objective evidence provides sufficient objective support for Dr. Grover's opinion, but the pages cited by Plaintiff do not support her argument. For example, Plaintiff cites as supporting evidence several pages that
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

are simply lab test results and that appear unrelated to her argument. See, e.g., Tr. 377-89. Plaintiff also points to a record that reveals she had carpal tunnel release performed on each hand, but the record lacks any indication Plaintiff has enduring issues with either hand, and is devoid of facts that support Dr. Grover's assessed limitations. Tr. 370. Similarly, Plaintiff cites abnormal lab findings –related to red blood cell counts, epithelial cells and bacteria in her urine – but Plaintiff fails to explain how the findings support the limitations assessed by Dr. Grover. Tr. 378; 385.

Plaintiff also lists several findings from a December 17, 2009, x-ray that reveal narrowing of disk space, bony spurs and degenerative changes, but again Plaintiff fails to provide or point to an explanation that establishes these findings support the severe limitations assessed by Dr. Grover.

Finally, Plaintiff cites an Urgent Care record also from December 17, 2009, during which Plaintiff presented as: "extremely agitated … with a slight tremor in her hand … somewhat emotionally labile during the exam." Tr. 400. Plaintiff complained of mid-back pain and pain in the left side of her neck, but the physician could not find a source of the pain. Tr. 400-01. Plaintiff was diagnosed with osteoarthritis with disk collapse, midscapular back pain on the left with no obvious source, and no radicular findings. Tr. 400-01. It is unclear, and Plaintiff provides no explanation, how this urgent care visit supports Dr. Grover's opinions that Plaintiff was severely restricted in the ability to stand and use her hands.

Plaintiff's assertion that these records establish objective medical evidence that support Plaintiff's alleged severity of limitations is not persuasive and, thus, this evidence does not undermine the ALJ's conclusion that Dr. Grover's assessments were based upon subjective complaints.

**B.    Irene Kimura, M.D.**

Plaintiff contends that he ALJ erred in rejecting the opinions of Dr. Kimura related to Plaintiff's exertional limitations, on the basis that the opinion was

unsupported by objective findings.  ECF No. 15 at 14.

On April 22, 2012, Irene Kimura, M.D., completed a check-the-box Physical Medical Source Statement.  Tr. 731-33.  Dr. Kimura wrote that Plaintiff's diagnosis was hepatitis C, with +ANA, +RNP, and she indicated Plaintiff was deficient in vitamin D.  Tr. 733.  The space for the physician to provide objective findings that identify the cause of Plaintiff's symptoms was left blank.  Tr. 733.

In an accompanying fill-in-the-blank Physician Statement, Dr. Kimura opined that Plaintiff's hepatitis C, depression, anxiety, and fibromyalgia limited Plaintiff to standing only two to three hours per day, lifting no more than five pounds occasionally, using her hands for fingering, moving, or grasping two to three hours per day.  Tr. 734.  Dr. Kimura concluded that Plaintiff was unable to work a full time job.  Tr. 734.

The ALJ found that Dr. Kimura failed to provide objective evidence to support the assessment that Plaintiff was limited to less than sedentary work.  Tr. 29.  The ALJ observed that Dr. Kimura's treatment notes lacked information about Plaintiff's gait, range of motion, sensation, deep tendon reflexes or other objective evidence related to exertional and non-exertional abilities.  Tr. 29.  Moreover, the ALJ noted that the treatment notes lack descriptions of symptoms related to hepatitis C.  Finally, the notes mention Plaintiff's headache, eye problems, swelling of her right extremities, wrist pain, dental issues, and sinusitis, but the ALJ observed that these complaints are unrelated to Hepatitis C.  Tr. 29.

As noted above, an ALJ may discredit physician opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings.  *Batson*, 359 F.3d at 1195.  In this case, the ALJ did not confine review to the check-the-box-form, but instead properly examined and discussed Dr. Kimura's treatment notes.  Tr. 29.

Plaintiff asserted that the treatment records support Dr. Kimura's opinion, and Plaintiff listed seven cites to the record.  ECF No. 15 at 15.  First, Plaintiff

relies upon treatment notes that reveal complaints of pain in Plaintiff's right upper quadrant with a subsequent gallbladder ultrasound, but the ultrasound findings were "unremarkable" and revealed that her organs were operating within "within normal limits." Tr. 687; 694. These records do not support Plaintiff's argument.

Plaintiff also relies upon treatment notes from May 13, 2011, in which Plaintiff complained of tenderness in her biceps and near her elbow, and notes from October 14, 2011, when she complained of shoulder tenderness, decreased range of motion, and weak deltoids. Tr. 686; 719. Finally, Plaintiff cites a February 3, 2012, blood tests results that Plaintiff characterizes as "abnormal." Tr. 710. However, Plaintiff fails to explain how the records related to her pain complaints and blood test results support Dr. Kimura's opinion that Plaintiff was limited to less than sedentary work, and no correlation is obvious to the Court.

Plaintiff establishes an impairment only if the record includes signs – the results of "medically acceptable clinical diagnostic techniques," such as tests – as well as symptoms, i.e., Plaintiff's representations regarding her impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). As the ALJ found, the record lacks evidence, and Plaintiff fails to provide persuasive analysis, that the evidence supports Dr. Kimura's opinion that Plaintiff is unable to work. Tr. 761-69. As such, the ALJ did not err in giving little weight to Dr. Kimura's opinion.

**C.    Jill Simon, M.D.**

Plaintiff contends the ALJ erred by rejecting the opinion of Jill Simon, M.D., who opined Plaintiff was limited to sedentary work. ECF No. 15 at 15-16.

On February 8, 2010, Dr. Simon completed a "progress note," that consists of diagnoses and a list of affected work activities with an estimate of the severity of each limitation. Tr. 821-25. The diagnoses listed by Dr. Simon were unspecified myalgia/myositis, chronic hepatitis C, proteinuria, and depression. Dr. Simon assessed Plaintiff with several marked and moderate limitations in her work abilities. Tr. 824. Dr. Simon noted that she saw Plaintiff twice in 2010, but

Plaintiff switched treating physicians and Dr. Kimura treated her for the past two years. Tr. 825. The form did not indicate whether Dr. Simon reviewed Plaintiff's current medical records. Finally, Dr. Simon opined that Plaintiff was limited to sedentary work. Tr. 824.

In this case, the ALJ gave little weight to the opinion from Dr. Simon that limited Plaintiff to sedentary work. Tr. 29. The ALJ noted that Dr. Simon had not treated Plaintiff in two years, and thus would not be considered a treating physician. Tr. 29. Moreover, the ALJ noted that Dr. Simon's opinion lacked substantial supporting treatment notes and lab tests. Tr. 29. Finally, the ALJ observed that Dr. Simon's treatment notes were primarily comprised of subjective complaints and the mental health treatment notes indicated Plaintiff's depression and anxiety symptoms were well controlled with medication and counseling. Tr. 29.

Plaintiff first argues that Dr. Simon's opinion was entitled to "some weight" notwithstanding the fact that she had not examined Plaintiff in two years. ECF No. 15 at 16. In determining the weight to give to a medical provider, an ALJ properly considers the number of times the provider examined Plaintiff, and the length of time the provider treated Plaintiff. 20 C.F.R. §§ 404.1527(c)(2)(i). The ALJ properly considered that Dr. Simon treated Plaintiff twice, and the most recent exam was two years earlier.

Plaintiff also argues that substantial evidence supports Dr. Simon's opinion, and again provides a list of citations to Plaintiff's medical record, without argument or analysis. ECF No. 15 at 16-18. In the absence of meaningful argument about how the designated records support Dr. Simon's recommendation of sedentary work, Plaintiff's contention is unpersuasive. Moreover, the record supports the ALJ's interpretation of the record that Dr. Simon's treatment notes were primarily comprised of subjective complaints, and contrary to Plaintiff's assertions otherwise, the mental health treatment notes indicated Plaintiff's

depression and anxiety symptoms were controlled with medication. Tr. 29; 432 (Plaintiff quit taking Effexor because she was feeling better); 445 (Effexor "quite helpful"); 546 (Mark Duris, Ph.D., notes record reflects medication relieves Plaintiff's depression and anxiety); 641 (depression is abating).

The ALJ provided valid reasons, supported by substantial evidence in the record, for giving little weight to the opinion from Dr. Simon.

**D.     Rick Chapman, M.S.W.**

Plaintiff contends that the ALJ erred by rejecting the opinion of Rick Chapman, M.S.W.  ECF No. 15 at 18-19.

On July 17, 2009, Mr. Chapman completed a Psychological/Psychiatric Evaluation form.  Tr. 478-83.  On the form, Mr. Chapman indicated he observed several of Plaintiff's symptoms, including extreme recurring depression, distressing memories, flashbacks from physical and emotional abuse as a young adult, depressed mood, arthritis in her hands and knees, and poor memory.  Tr. 479.  Mr. Chapman assessed Plaintiff with six marked impairments in cognitive and social factors including the ability to: (i) understand, remember and follow simple (one or two step) instructions; (ii) understand, remember and follow complex (more than two step) instructions; (iii) learn new tasks; (iv) exercise judgment and make joint decisions; (v) relate appropriately to co-workers and supervisors; (vi) respond appropriately to and tolerate the pressures and expectations of a normal work setting.  Tr. 481.  Mr. Chapman noted that Plaintiff was working on her depression and her PTSD symptoms, and she was improving. Tr. 482.

The ALJ gave little weight to Mr. Chapman's opinion for several reasons. Tr. 31.  The ALJ noted that Mr. Chapman diagnosed Plaintiff with PTSD, but Plaintiff does not allege symptoms consisted with the diagnostic criteria for PTSD. Tr. 31.  The ALJ also found that Mr. Chapman was not a treating provider.  Tr. 31; 478-83; 487-94 .  Finally, the ALJ found that the medical records Mr. Chapman

1  reviewed from Grant Mental Health Services revealed that despite temporary
2  situational depressors, Plaintiff's anxiety and depression improved with therapy
3  and medication. Tr. 31.
4        First, Plaintiff argues that it was improper for the ALJ to reject Mr.
5  Chapman's opinion on the basis that he was not a treating provider. However, the
6  ALJ opinion includes the fact Mr. Chapman was not a treating provider as one of
7  many reasons to explain the weight given the opinion. Tr. 31. The fact of whether
8  the medical provider is a treating, examining, or reviewing provider is a proper
9  factor to consider when weighing opinions. See *Lester v. Chater*, 81 F.3d 821, 830
10 (9th Cir. 1995) (treating physician's opinion should be accorded more weight than
11 opinions of examining physician; examining physician's opinion is entitled to
12 greater weight than a non-examining physician's opinion). The ALJ properly
13 considered the non-treating relationship status as a factor in weighing Mr.
14 Chapman's opinion.
15       Next, Plaintiff challenges the ALJ's assertion that Plaintiff's mental
16 functioning improved with medication. ECF No. 15 at 19. Plaintiff cites to several
17 chart notes that reflect Plaintiff reported symptoms of depression. ECF No. 15 at
18 19. The ALJ acknowledged that Plaintiff experienced situational setbacks. Tr. 32.
19 For example, Plaintiff cites an intake assessment wherein Plaintiff had stopped
20 taking anti-depressant medication one week earlier, and her boyfriend recently
21 learned he had three to six months to live. Tr. 560.
22       As the ALJ noted, treatment notes reveal Plaintiff's symptoms improve
23 when she consistently takes medication. *See* Tr. 432; 445; 546; 641; 821-25. If
24 the evidence is susceptible to more than one rational interpretation, one of which is
25 the ALJ's, the Court may not substitute its own interpretation for that of the ALJ.
26 *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). The ALJ's observation that
27 Plaintiff's depression symptoms improve with medication is a rational
28 interpretation of the record.

Additionally, Plaintiff argues that the ALJ erred by noting Mr. Chapman failed to provide detailed explanations to support the significant limitations, because "Mr. Chapman was not required to set forth every supporting fact on his form." ECF No. 15 at 19. The ALJ noted "Mr. Chapman provided minimal detail on the check-box assessment … to support his opinion." Tr. 32. However, an ALJ may properly reject a treating physician's opinion that is conclusory and unsupported by clinical findings, particularly check-the-box style forms. *See Batson*, 359 F.3d at 1195 (ALJ did not err in giving minimal evidentiary weight to opinion that was in the form of a checklist, lacked supportive objective evidence was contradicted by other evidence, and was based on subjective descriptions); *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002) (treating physician's opinion may be rejected if it is brief, conclusory, and inadequately supported by clinical findings); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected psychological evaluations because they were check-the-box reports that did not contain explanations of the bases of their conclusions). Contrary to Plaintiff's assertions, the lack of supporting objective medical evidence and the fact that the opinion was provided on a check-box form, are both proper considerations in determining the weight to give to an opinion. Plaintiff's arguments that the ALJ erred in weighing the opinion from Mr. Campbell are unavailing.

### E.   Phillip Richins, M.Ed.

Plaintiff contends that the ALJ erred by rejecting the opinion of Mr. Richins, who assessed Plaintiff with several marked limitations in mental functioning. ECF No. 15 at 20.

Philip N. Richins, M.Ed., LMHC, examined Plaintiff on both September 4, 2008, and June 5, 2010, and completed two corresponding Psychological/ Psychiatric Evaluation forms. Tr. 503-08; 807-10.

Mr. Richin's first evaluation was conducted with Dee Deifer, B.A., and the

pair diagnosed Plaintiff with major depressive disorder, recurrent, moderate. Tr. 808. The report indicated no evidence existed of recent alcohol or drug abuse, and none of Plaintiff's mental health symptoms were affected by substance abuse or dependence. Tr. 808. The examiners assessed Plaintiff with marked limitations in every cognitive factor, and with marked limitations in two of five social factors. Tr. 809. The form provided brief notations. Tr. 809-10.

After the June 5, 2010, exam, Mr. Richins diagnosed Plaintiff with anxiety disorder, NOS, and major depressive disorder, recurrent, moderate. Tr. 505. Mr. Richins indicated that no evidence existed of recent alcohol or drug abuse, and no mental health symptoms were affected by substance abuse or dependence. Tr. 505. Mr. Richins assessed Plaintiff with four marked limitations in the ability to: (i) understand, remember and follow complex (more than two steps) instructions; (ii) exercise judgment and make decisions; (iii) respond appropriately to and tolerate the pressures and expectations of a normal work setting; and (iv) maintain appropriate behavior in a work setting. Tr. 506. Mr. Richins also assessed Plaintiff with multiple moderate limitations. Tr. 506.

The ALJ gave little weight to the 2008 opinion from Mr. Richins because the assessment was completed one year prior to the alleged onset date, current treatment notes did not corroborate the severity of limitations, and because Mr. Richins failed to consider Plaintiff's significant history of substance abuse. Tr. 32. Similarly, the ALJ gave little weight to the 2010 opinion because the check-box form had only brief notations, and because Mr. Richins failed to consider Plaintiff's significant history of substance abuse. Tr. 32.

Plaintiff again argues that the ALJ erred in giving less weight to Mr. Richin's opinion because he was not required to set forth "every supporting factor" on the form. ECF No. 15 at 20. As analyzed above, the lack of supporting explanation and the check-box format of the opinion are proper considerations in determining the weight to give to an opinion. *Batson*, 359 F.3d at 1195.

Plaintiff also argued that her substance abuse was irrelevant to the assessment of her functional abilities, and the ALJ could consider substance abuse only after completing a DAA analysis. ECF No. 15 at 20. The testifying expert, Kent Layton, Ph.D., commented that Plaintiff's use of substances, including marijuana, "makes her concentration worse and capability to learn new things worse. It makes depression worse." Tr. 55-56. The check-box form itself requires the provider to address substance abuse: "Is there indication of alcohol or drug abuse?" Tr. 808. If the provider answers yes, the provider is directed to list each condition likely caused by drug or alcohol abuse, answer whether treatment would decrease the severity of the condition, and describe the effect of abstinence on the conditions. Tr. 808. As indicated by the expert testimony and the questions on the form itself, the current or past use of substances is a relevant factor in analyzing a claimant's abilities. An examining provider's awareness of Plaintiff's history, including abuse of substances, is properly considered in weighing the opinion. As a result, the ALJ did not err in weighing Mr. Richin's opinion.

**F.    Thomas Genthe, Ph.D.**

Plaintiff contends that the ALJ improperly rejected the opinion of Thomas Genthe, Ph.D., on the basis that his report suggested malingering and Plaintiff made inconsistent statements to him. ECF No. 15 at 21. On February 15, 2010, Dr. Genthe examined Plaintiff and completed a Psychological/Psychiatric Evaluation form. Tr. 724-30. Dr. Genthe diagnosed Plaintiff with undifferentiated somatization disorder, major depressive disorder, recurrent, anxiety disorder, NOS, cannabis dependence, amphetamine abuse/alcohol dependency, and borderline intellectual functioning. Tr. 724. Dr. Genthe noted, "[d]ue to the chronic nature of [Plaintiff's] somatization process and lack of gainful employment in over 8 years, a referral for SSI track appears warranted." Tr. 726. Dr. Genthe also noted that Plaintiff appeared to have recently used alcohol or drugs:

///

> [A]lthough she adamantly denies recent alcohol or drug use, her presentation today suggests she may not have been forthright regarding substance usage. Thus, it is highly recommended she abstain completely from substance abuse as it is likely to interfere with her motivation to engage in work-related activities and could contribute to exacerbation of depression, anxiety and paranoid ideation.

Tr. 726.

The ALJ gave little weight to Dr. Genthe's opinion for several reasons. Among the reasons was that Plaintiff's test results suggested malingering and, thus, Plaintiff's efforts on all tests could be questioned. Tr. 32. The ALJ also noted Plaintiff's inconsistent reporting regarding her substance abuse and social activities. Tr. 32.

Plaintiff argues that Dr. Genthe considered Plaintiff's malingering and inconsistent statements when he opined that Plaintiff could not sustain work, and thus these factors tempered the opinion. Plaintiff misses the point. The ALJ found that Plaintiff's malingering and inconsistent reporting called into question her effort on all testing administered during the evaluation. Tr. 32. Plaintiff's test scores provided at least a partial basis for Dr. Genthe's opinions about her functional abilities. For example, Dr. Genthe relied upon the WAIS-IV test results in concluding that Plaintiff's general cognitive ability is within the borderline range of intellectual functioning. Tr. 728. Dr. Genthe concluded, based upon those test results, that Plaintiff's "borderline intellectual abilities are likely to interfere with her ability to learn new tasks, follow complex instructions, and keep up with her peers in a variety of positions requiring verbal and non-verbal training." Tr. 725. Moreover, Dr. Genthe noted that the test results of Plaintiff's PAI test "potentially involve considerable distortion and are unlikely to be an accurate reflection of her objective clinical status." Tr. 730. Thus, in the absence of objective evidence –such as reliable test scores – to support Dr. Genthe's

opinion, the remainder of Dr. Genthe's opinion appears to be based upon Plaintiff's self-reporting.

Dr. Genthe found that Plaintiff did not accurately report her symptoms on the PAI test, and she tended "to portray herself in an especially negative or pathological manner." Tr. 730. Also, Dr. Genthe noted that Plaintiff engaged in denial related to her drinking and drug use. Tr. 730. Because Plaintiff's self-reporting was unreliable, the ALJ properly discounted Dr. Genthe's report that was based upon self-reporting. As stated earlier, a physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan*, 242 F.3d at 1149. The ALJ did not err by discounting Dr. Genthe's report.

**H.    Step Five**

Plaintiff contends that the ALJ erred in failing to meet her Step Five burden, because she relied upon an incomplete hypothetical.

The hypothetical that ultimately served as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id.* (citation and quotation marks omitted). However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence ." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). In this case, Plaintiff failed to

establish that the ALJ improperly rejected medical evidence. As a result, Plaintiff's issue fails.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 18,** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15,** is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED January 13, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE